J-A20044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TRUST OF SOL E. HARRISON AND SYDRIA HARRISON | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MICHAEL HARRISON | : : : : : : | |
| | : | No. 1784 EDA 2023 |

Appeal from the Order Entered June 2, 2023
In the Court of Common Pleas of Bucks County Orphans' Court at No(s):
2019-E0285

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 16, 2024**

Appellant Michael Harrison ("Beneficiary") appeals from the June 2, 2023 order entered in the Bucks County Orphans' court disposing of four motions filed by Beneficiary in this Trust action.  We quash this appeal as interlocutory.

The relevant facts and procedural history are as follows.  In 1995, Beneficiary's grandparents, Sol E. and Sydria Harrison, created a trust ("Trust") for Beneficiary's benefit and named their son, Beneficiary's father, Theodore Harrison, trustee ("Trustee").  Under the terms of the Trust, Beneficiary was entitled, *inter alia*, to a one-third distribution of the Trusts' assets when he turned 30 years old in 2017.

When Beneficiary turned 30 years old, he requested the distribution to which he was entitled, but Trustee, claiming that Beneficiary's marijuana use and ADHD diagnosis rendered Beneficiary disabled and unable to manage his

own affairs, refused to provide the requested distribution. Thus, in 2019, Beneficiary commenced this action by filing a "Petition to Compel Accounting of Trust, Compel Removal of Trustee, and Authorize [Beneficiary] to Withdraw Pursuant to the Trust."

On March 4, 2021, the orphans' court issued an opinion and decree directing Trustee to provide an accounting of the Trust from January 2013, to the present, and distribute one-third of the Trust to Beneficiary.[1]

On July 12, 2021, Trustee filed an interim accounting for the period from January 1, 2013, to December 31, 2020, and a petition for adjudication of accounting. On September 3, 2021, Beneficiary filed objections to the accounting.

Beneficiary then filed a petition to compel accounting. The parties reached an agreement whereby Trustee agreed to file an additional accounting for the period from January 1, 2021, to December 31, 2021, and Beneficiary agreed to withdraw the petition to compel accounting.

On February 15, 2022, Trustee filed the second accounting. Within the accounting, Trustee sought reimbursement of $83,855.67 in legal fees and costs he incurred personally in his role as trustee during the period of the accounting.

On March 14, 2022, Beneficiary filed objections to the second accounting and, subsequently, several other motions. The motions filed by Beneficiary

_____

[1] On January 4, 2022, this Court affirmed the orphans' court's order directing Trustee to distribute one-third of the Trust to Beneficiary.

- 2 -

included: (1) motion to compel compliance with the orphans' court's March 16, 2022 order and for sanctions in which Beneficiary asserted that Trustee did not provide monthly trust account statements; (2) motion to compel compliance with the orphans' court's February 22, 2022 order and for sanctions in which Beneficiary alleged that Trustee improperly withdrew trust funds to pay attorney fees; (3) motion to compel return of funds from Trustee and for attorney fees in which Beneficiary alleged that Trustee should be personally liable for attorney fees paid from trust funds and should repay the trust; and (4) motion to compel distribution of the entire trust balance.

On February 14, 2023, the orphans' court held a hearing on the motions. On June 2, 2023, the orphans' court issued an order disposing of the motions. In particular, the court granted Beneficiary's motion to compel distribution of the remaining trust funds within 30 days, less $85,000 to cover the outstanding claims against the trust. The court denied Beneficiary's motion to compel return of funds from Trustee and his motion to compel compliance with the court's March 16, 2022 order. The court ordered that "[a]ny funds and assets in the Trust be frozen without exception and Trustee [] shall not remove any funds from the Trust, apart from those ordered in this Decree, until further Order or Decree from this [c]ourt." Order, 5/31/23. Last, and critically, the court deferred consideration of Beneficiary's motion to compel compliance with its February 22, 2022 order and for sanctions. The court appointed a master to make written findings regarding the purpose of the withdrawals made by Trustee between February 22, 2022, and May 31, 2022.

- 3 -

Following the court's consideration of the master's findings, the court indicated it would issue a further decree addressing Beneficiary's motion to compel and for sanctions.

This appeal by Beneficiary followed.[2] Both Beneficiary and the orphans' court complied with Pa.R.A.P. 1925.

Beneficiary raises the following issues on appeal:

1. Where the record demonstrates there are no outstanding claims against a trust and the trust prohibits creditor claims or liens against it, does a[n orphans'] court err or abuse its discretion by ordering that $85,000.00 be withheld from the distribution of trust principal "to cover the amount of the outstanding claims against the Trust" when the Trust and the settlors' intent demands the full distribution upon the [B]eneficiary reaching the age of 35?

2. Did the [orphans'] court err or abuse its discretion when it ordered that $85,000.00 be withheld from the distribution of a

_____

[2] On October 27, 2023, Trustee filed in this Court an Application to Quash Interlocutory Appeal asserting that the orphans' court's order from which Beneficiary filed an appeal was neither final pursuant to Pa.R.A.P. 341, nor appealable as of right pursuant to Pa.R.A.P. 311. Trustee also asserted that the order is not appealable as of right pursuant to Pa.R.A.P. 342 as it "does not fit within any specific description of an appealable order enumerated in Rule 342." Application, 10/27/23, at ¶ 16.

On November 3, 2023, Beneficiary filed an answer to the application averring that the orphans' court's order is final and appealable, as "there are no outstanding claims[.]" Answer, 11/3/23, at 1, ¶14. Beneficiary also claimed, in the alternative, that either the order is collateral or "the issues presently before this Honorable Court are appealable as of right" pursuant to Pa.R.A.P. 342(a)(1), (3), (5)-(6). *Id.* at ¶¶ 14, 16.

On December 1, 2023, this Court entered an order denying Trustee's application to quash without prejudice to Trustee's right to raise this issue in its appellate brief. Trustee has raised this issue in its brief and we address it *infra*.

trust principal to the [B]eneficiary "to cover the amount of outstanding claims against the Trust" where the trust provides that there can be no liens or claims against the trust?

3. Where applicable Florida law requires that attorney's fees and taxable costs be awarded to the beneficiary in all actions for breach of fiduciary duty or challenging the exercise of, or failure to exercise, a trustee's powers, did the [orphans'] court err or abuse its discretion in denying [B]eneficiary's motion for attorney's fees, including an entitled fee enhancement, where the [orphans'] court found and this [C]ourt affirmed the finding of fiduciary breaches?

4. Where Trustee improperly withdrew Trust funds without statutorily-mandated, prior written notice to a beneficiary in violation of Florida law, did the [orphans'] court err or abuse its discretion by denying and dismissing a motion to compel [T]rustee to return the Trust funds?

5. When, after being ordered to provide monthly trust account statements, a trustee fails to provide monthly trust statements to the beneficiary, did the [orphans'] court err or abuse its discretion when it denied [ B]eneficiary's motion to compel compliance and for sanctions for failure to provide the monthly trust statements in violation of said order?

Beneficiary's Brief at 13-14.

Before we address the merits of Beneficiary's issues, we consider Trustee's argument that the orphans' court's order is not appealable.[3] "The question of the appealability of an order goes directly to the jurisdiction of the

_____

[3] In his appellate Brief, Trustee reiterated his assertion that the orphans' court's order is a non-final order because: (1) the court left unresolved the disposition of the $85,000 it reserved from distribution to Beneficiary and Beneficiary's motion to compel compliance with the orphans' court's February 22, 2022 order; (2) the litigation of the second petition for accounting and the second account remains outstanding; and (3) the Trustee has not yet filed a final account. Trustee's Brief at 9-10. Trustee also notes that Beneficiary did not request permission to appeal from an interlocutory order and that none of the issues addressed in the order fit within any subsections of Rule 342.

Court asked to review the order." ***Moyer v. Gresh***, 904 A.2d 958, 963 (Pa. Super. 2006) (citation omitted).

Generally, "unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." ***Commonwealth v. Sartin***, 708 A.2d 121, 122 (Pa. Super. 1998). In relevant part, Pennsylvania Rule of Appellate Procedure 341 defines a "final order" as any order that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1).[4]

Certain interlocutory orders issued by an orphans' court are appealable as of right. Rule 342 provides:

**Rule 342. Appealable Orphans' Court Orders**

(a) General rule. An appeal may be taken as of right from the following orders of the Orphans' Court Division:

(1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;

(2) An order determining the validity of a will or trust;

(3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;

(4) An order interpreting, modifying, reforming or terminating a trust;

(5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

(6) An order determining an interest in real or personal property;

(7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a

_____

[4] Rule 341 also defines a "final order" as any order "entered as a final order pursuant to [Pa.R.A.P. 341(c)]." Pa.R.A.P. 341(b)(3).

determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or

(8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

Beneficiary concedes that the orphans' court's June 2, 2023 order contemplates further action in that it ordered the parties to engage with a master assigned the task of making findings of fact regarding the purpose of the withdrawals made by Trustee between February 22, 2022, and May 31, 2022, subsequent to which the court would issue a decree adjudicating Beneficiary's motion to compel compliance with its February 22, 2022 order and for sanctions. Answer to Application to Quash Appeal, 11/3/23, at 12. Nevertheless, Beneficiary argues that the instant order is final and appealable because he is only appealing the three parts of the order that disposed of his outstanding motions and not the part of the order that deferred disposition of a motion.[5] *Id.*

Beneficiary has misapprehended the nature of finality for purposes of appeal. An order is final when it disposes of **all** claims and **all** parties to an action. The orphans' court's June 2, 2023 order is clearly not final as it did not dispose of Beneficiary's motion to compel Trustee's compliance with the orphans' court's February 22, 2022 order and for sanctions, and it

---

[5] Beneficiary has not claimed that the June 2, 2023 order is appealable as of right pursuant to Pa.R.A.P. 311 or as a collateral order pursuant to Pa.R.A.P. 313. Beneficiary did not request permission to appeal from an interlocutory order pursuant to Pa.R.A.P. 312.

contemplates further action in the case.[6]  Accordingly, we agree with Trustee that the orphans' court's order is not appealable as a final order pursuant to Rule 342.

In his Reply Brief, Beneficiary also baldly claims that the part of the orphans' court's order withholding $85,000 from distribution of the Trust assets and the part denying his Motion to Compel Return of Trust Funds and Award for Attorney's Fees are appealable as of right pursuant to Rule 342(a)(1) and (a)(4).[7]  Reply Brief at 9 n.5.  Beneficiary has not presented any argument or cited to any controlling authority in support of this claim. Nevertheless, we address them *seriatim*.

First, with respect to the orphans' court's order withholding $85,000 from distribution of the Trust's assets, we find that neither subsection (a)(1) nor (a)(4) is applicable.  As stated above, Rule 342(a)(1) provides that a party may appeal as of right from an "order . . . directing a distribution from a[] . . . . trust."  Pa.R.A.P. 342(a)(1).  Here, Beneficiary is appealing from the part of the order not directing a distribution, but the part withholding a distribution. The order does not, therefore, fall within the ambit of Rule 342(a)(1).  Rule 342(a)(4) permits an appeal as of right from an "order interpreting, modifying,

---

[6] It also appears from this Court's review of the record that Beneficiary's objections to the first and second accounting filed by Trustee are outstanding. The apparent pendency of these objections also renders the June 2, 2023 order interlocutory.

[7] Beneficiary makes no claim that any other parts of the orphans' court's order is appealable as of right and, following our review, we agree.

reforming[,] or terminating a trust." **_Id._** at (a)(4). The order reserving $85,000 from distribution does none of those things. It is, therefore, also not appealable pursuant to Rule 342(a)(4).

Beneficiary has also claimed that the order denying his Motion to Compel Return of Trust Funds and Award for Attorney's Fees is also appealable as of right pursuant to Rule 342(a)(1) and (a)(4). We disagree as, again, the order neither directed the distribution of trust assets nor interpreted, modified, reformed, or terminated a trust.

Following our review, we conclude that we do not have jurisdiction over an appeal from the June 2, 2023 order as it is not final nor appealable as of right. Accordingly, we quash this appeal.

The prothonotary is directed to remove this case from the A20 argument list.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/16/2024